UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
RAMON CARIDAD,                                            :
                                                          :
                          Petitioner,                     :
                                                          :
          -against-                                       :          MEMORANDUM DECISION
                                                          :               AND ORDER
MICHAEL CAPRA,                                            :
*Superintendent, Sing Sing Correctional Facility,*       :
                                                          :          22 Civ. 08542 (GBD) (SLC)
                          Respondent.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Before this Court is Magistrate Judge Sarah L. Cave's Report and Recommendation (the "Report") recommending that Petitioner Ramon Caridad's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition") be denied. (Report, ECF No. 24.) Petitioner timely filed objections to the Report. (Pet. Obj. to Report ("Obj."), ECF No. 29.) Respondent Michael Capra subsequently filed a timely response to Petitioner's objections. (Resp't Response to Pet. Obj. ("Resp."), ECF No. 32.) Having reviewed the objected-to portions of the Report *de novo*, this Court ADOPTS the Report's recommendation to deny Petitioner's habeas corpus petition. Accordingly, the Petition is DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

In May 1998, Petitioner was arrested and charged with one count of attempted first-degree murder, one count of attempted first-degree rape, and one count of second-degree kidnapping.

---

[1] This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motion are recounted herein.

1

(ECF No. 18-1 at 32–33.) On December 4, 1998, Petitioner appeared before the New York State trial court to offer a guilty plea to one count of attempted first-degree rape, and one count of second-degree kidnapping. (ECF No. 18-2 at 2–3.) The trial court advised him that "the maximum sentence [it] could impose on this indictment is twenty-five or twenty-five to life." (*Id.* at 3–4.) The trial court then proposed to sentence Petitioner to "seven and a half to fifteen years" on the attempted-rape count, and to a "minimum of eight years and a maximum of sixteen years" on the kidnapping count. (*Id.*) Petitioner responded "yes" when asked whether he understood the potential penalty and admitted to the kidnapping and attempted rape. (*Id.* at 4–5.) The trial court then further advised Petitioner that any proposed sentence is "conditioned on your appearing at the appropriate time and place" and "if you fail to appear…[the court]'s promise to you as to the sentence will not be binding" (*Id.* at 7–8), repeating its earlier reminder that the proposed sentence is "conditioned on his appearing". (*Id.* at 5.)

Petitioner fled to the Dominican Republic and failed to appear for sentencing until he was extradited in 2018. (ECF No. 18-1 at 36.) Petitioner moved to withdraw his guilty plea on grounds that he did not "knowingly, intelligently, and voluntarily" enter it. (*Id.* at 36–37.) The trial court denied without a hearing the motion to withdraw the guilty plea. (*Id.* at 37–38.) On June 1, 2018, the trial court imposed a concurrent sentence of seven-and-a-half to fifteen years on the conviction for attempted first-degree rape and twelve-and-a-half to twenty-five years on the conviction for second-degree kidnapping (the "Judgment"). (ECF Nos. 18-3 at 18; 18-1 at 27–31.)

Petitioner appealed the Judgment on several grounds. Petitioner argued that he was not properly informed of the maximum sentence the trial court could impose if he violated a condition of the plea; that the trial court erred in denying his motion to withdraw his guilty plea; that his sentence was excessive; and that he did not knowingly waive his right to appeal the sentence.

2

(ECF No. 18-1 at 211–29.)  On June 8, 2021, the New York State Supreme Court, Appellate Division, First Department (the "Appellate Division") unanimously affirmed the Judgment. *People v. Caridad*, 195 A.D.3d 476 (1st Dep't 2021); ECF No. 18-1 at 296–97.  The New York Court of Appeals denied Petitioner's application for leave to appeal on July 28, 2021.  *People v. Caridad*, 37 N.Y.3d 971 (2021); ECF No. 18-1 at 308.

On October 6, 2022, Petitioner filed a federal habeas petition arguing that sentencing counsel rendered ineffective assistance of counsel ("IAC Claim").  (ECF No. 1 at 5.)  On March 13, 2023, Respondent filed an answer and a memorandum of law in opposition to the Petition.  (ECF Nos. 20, 21.)  On December 18, 2024, Judge Cave issued the Report.  (ECF No. 24.)

## II.  LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in the magistrate judge's report.  28 U.S.C. § 636(b)(1)(C).  "When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments *de novo*."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).  However, the district court need not conduct a *de novo* hearing on the matter.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).  Instead, it is sufficient that the district court "arrive at its own, independent conclusion."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

## III.  THE PETITION IS DENIED

### A. Petitioner's Ineffective Assistance of Counsel Claim Was Properly Exhausted and Is Reviewable on the Merits

The Report deemed the IAC Claim exhausted because New York procedural rules would now bar Petitioner from raising it in state court, and concluded that the claim was procedurally defaulted.  (Report at 13.)  This Court adopts the Report's exhaustion analysis only insofar as it

3

concludes that the IAC Claim is exhausted. This Court does not adopt the Report's further conclusion that the claim is procedurally defaulted.

Both Petitioner and Respondent agree that Mr. Caridad raised his IAC claim on direct appeal and properly exhausted the claim. (Obj. at 13–14; Resp. at 2–4.) The Report concluded, however, that Petitioner's IAC claim is exhausted because New York procedural rules would now bar petitioner from raising the IAC claim in state court, and because that exhaustion rests on a procedural bar, the IAC claim is procedurally defaulted. (Report at 13.) A procedural default occurs when a habeas petitioner has failed to meet the State's procedural requirements for presenting his federal claim. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). "[A] state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice." *Id.* at 748. When a state court decision "fairly appeared to rest primarily on resolution of [the petitioner's federal] claims or to be interwoven with those claims, and did not clearly and expressly rely on an adequate and independent state ground, a federal court may address the petition." *Aparicio v. Artuz*, 269 F.3d 78, 92 (2d Cir. 2001) (quoting *Coleman*, 501 U.S. at 735).

Here, the IAC claim was raised on direct appeal to the Appellate Division and in Petitioner's application for leave to appeal to the New York Court of Appeals. (Report at 12). The Appellate Division addressed the substance of the sentencing-exposure issue on the record before it, concluding in the alternative that, "based on the totality of the record," Petitioner was "sufficiently made aware of his potential sentencing exposure in the event he absconded, and that his plea would stand." *People v. Caridad*, 195 A.D.3d 476, 476–77 (1st Dep't 2021). An alternative merits ruling does not, by itself, eliminate a procedural default where the state court clearly and expressly relied on an independent and adequate state procedural ground. *See Glenn*

4

*v. Bartlett*, 98 F.3d 721, 724–25 (2d Cir. 1996). Here, however, the Appellate Division did not clearly and expressly rely on an independent and adequate state ground to reject the IAC claim, including Petitioner's failure to file a §440.10 motion. *Id.* It addressed the substance of the IAC claim on the merits despite Petitioner's failure to file a § 440.10 motion. *Id.; see Harris v. Reed, 489 U.S. 255, 263 (1989)* (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)) ("[A] procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). Therefore, consistent with parties' submissions, the IAC claim was properly exhausted on direct appeal and is not procedurally defaulted. Accordingly, this Court proceeds to the merits of Petitioner's IAC Claim under AEDPA.

## B. Petitioner's Ineffective Assistance of Counsel Claim is Denied on the Merits

Judge Cave correctly determined that Petitioner's IAC Claim should be denied on the merits. Petitioner's IAC claim is subject to habeas review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86 (2011). Under the AEDPA, a habeas petition may not be granted with respect to the merits of a state court proceeding "unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "State court findings of fact 'shall be presumed correct,' rebuttable only upon a showing of 'clear and convincing evidence.'" *Brown v. Artuz*, 283 F.3d 492, 498 (2d Cir. 2002) (quoting 28 U.S.C. § 2254(e)(1)).

*i. The Appellate Division's Decision Was Not Contrary to, or an
Unreasonable Application of, Clearly Established Federal Law*

Petitioner takes issue with Judge Cave's determination that the Appellate Division's holding was not contrary to, or an unreasonable application of, federal law. (Obj. at 15–18.) "A decision is 'contrary to' clearly established federal law as determined by the Supreme Court 'if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Brown*, 283 F.3d at 500 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "A decision is an 'unreasonable application' of clearly established Supreme Court law if a state court 'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 501 (citations omitted). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (citations omitted). "[T]o grant the writ[,] there must be '[s]ome increment of incorrectness beyond error.'" *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

Under Supreme Court precedent, an ineffective assistance of counsel claim requires the petitioner to establish (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the [defendant]." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "[t]he performance component of the *Strickland* test asks whether a 'counsel's representation fell below an objective standard of reasonableness.'" *Kovacs v. United States*, 744 F.3d 44, 50 (2d Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "A defense counsel's performance is unreasonable when it is so deficient that it falls outside the 'wide range of professionally competent assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 690). "[A] reviewing court must

6

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citations omitted).

The second *Strickland* prong requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, this requires a petitioner to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Best v. Griffin*, No. 15 Civ. 4073 (CM) (AJP), 2015 WL 6875016, at *17 (S.D.N.Y. Nov. 6, 2015).

Here, the Appellate Division held that Petitioner was reasonably advised of the maximum possible sentence of 25 years' imprisonment. (Resp. at 6); *Caridad*, 195 A.D.3d at 476. As such, there are no reasonable grounds for Petitioner to argue that his counsel was deficient in failing to preserve the sentencing-exposure argument. The Appellate Division made clear that the "totality of the record" indicated that Petitioner was sufficiently aware of the maximum sentence in the event he absconded. *Id.* The record shows that the trial court imposed a sentence within the range of the twenty-five-year maximum penalty. (Report at 18.) Thus, under the deferential *Strickland* and AEDPA standards, this Court may presume that Petitioner's counsel made a reasonable decision in declining to raise a meritless argument.

Petitioner also has not shown a reasonable probability that the outcome of the plea-withdrawal or sentencing proceedings would have been different had counsel raised the sentencing-exposure argument. The record indicates that the trial court informed Petitioner of the maximum possible penalty of twenty-five years' imprisonment. (Report at 20.) Moreover, Petitioner was warned that if he failed to appear at the sentencing hearing, the court would not be

7

bound by the lesser proposed sentence. (ECF No. 18-2 at 3–5, 7–8.) Petitioner affirmed that he understood each of these facts. (Report at 20.) The record reasonably shows that Petitioner knew the consequences of failing to appear at his sentencing. Therefore, Petitioner has failed to show that he was prejudiced by counsel's failure to raise the sentencing-exposure argument.

> *ii.*   *The Appellate Division Did Not Make an Unreasonable Determination of the Facts*

Petitioner takes issue with Judge Cave's determination that the Appellate Division made a reasonable determination of the facts. Petitioner contends that the trial court advised him only of the maximum penalty for the first count on the indictment. (Obj. at 18–19.) He argues that this was insufficient to inform him of the maximum sentence he would face if he absconded. (*Id.*) Under the AEDPA, "[t]he factual findings of the [state] [c]ourts are presumed to be correct." *Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997) (citations omitted). So long as "the state court's factual findings were made after the extensive development of the material facts, and are supported by the record . . . [they] are entitled to the presumption of correctness." *Id.* at 833–34 (citing *Pagan v. Keane*, 984 F.2d 61, 64 (2d Cir. 1993)).

Here, the trial court advised Petitioner that he would face a maximum possible penalty of "twenty-five *or* twenty-five to life" on the indictment. (ECF No. 18-2 at 3–4.) The trial court also explained to Petitioner that it would not be bound by the proposed sentence if he failed to appear. (*Id.*) Thus, Petitioner knew that if he failed to appear, he would face a higher sentence than the sentence proposed at the plea proceedings. Petitioner argues that the trial court did not inform him of the maximum possible sentence on the pleaded-to counts. (Obj. at 19.) However, the trial court's reference to the twenty-five-year maximum penalty and that it would not be bound to the proposed sentence if Petitioner failed to appear (ECF No. 18-2 at 3–5, 7–8) reasonably supports the conclusion that Petitioner was made aware of his sentencing exposure. Therefore, the

8

Appellate Division's alternative holding was not based on an unreasonable determination of the facts under the highly deferential AEDPA standard. Accordingly, Mr. Caridad is not entitled to relief under 28 U.S.C. § 2254(d). *See Oseni v. Mahoney*, No. 16 Civ. 8743 (NR), 2024 WL 3461009, at *10 (S.D.N.Y. July 18, 2024).

### IV.    CONCLUSION

The Report's recommendation that the Petition be DENIED is adopted. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby DENIED.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to close this case accordingly.

Dated:  **JUN 1 6 2026**

New York, New York

SO ORDERED.

*George B. Daniel*

GEORGE B. DANIELS

United States District Judge

9